UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                         :
:
              Plaintiff,                 :
:
    v.                                           :   ECF CASE
:
DEUTSCHE BANK, A.G.; DB U.S. FINANCIAL  :   14 Civ. 9669 (LAK)
MARKETS HOLDING CORP.; DEUTSCHE          :
BANK SECURITIES, INC.; BMY ACQUISITION  :
CORP.; BMY ACQUISITION LLC; BMY           :
STATUTORY TRUST; and FIRST UNION         :
NATIONAL BANK, n/k/a WELLS FARGO BANK :
N.A., as trustee of BMY STATUTORY TRUST,   :
:
              Defendants.               :
:
------------------------------------------------------------x

## DECLARATION OF ROBERT WILLIAM YALEN

      I, ROBERT WILLIAM YALEN, pursuant to 28 U.S.C. § 1746, declare the following under penalty of perjury:

      1.     I am an Assistant United States Attorney for the Southern District of New York, and one of the attorneys assigned to represent the United States of America (the "Government") in the above-captioned action. I have been assigned to this matter since the inception of this action and am familiar with the proceedings herein.

      2.     I make this declaration pursuant to Rule 55.1 of the Local Civil Rules for the Southern District of New York in support of the Government's application for entry of a Clerk's Certificate of Default against defendant BMY Acquisition Corp. ("BMY Corp.") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for the Court.

3. The Government filed its complaint in this action on December 8, 2014 (the "Complaint"). The Court issued a summons to BMY Corp. that same day (the "Summons"). The Summons and Complaint are attached hereto as Exhibits 1 and 2, respectively.

4. The Complaint alleged three counts against BMY Corp. The Government has filed a notice of voluntary dismissal dismissing two of these counts pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The remaining count is a cause of action to collect BMY Corp.'s unpaid federal tax liability. The Court has subject-matter jurisdiction over this claim pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340, & 1345.

5. BMY Corp. was properly served no later than February 6, 2015, when service was made on the Secretary of State after diligent efforts to serve BMY Corp. by other means, pursuant to Rule 4(h) of the Federal Rules of Civil Procedure and applicable Delaware state law (8 Del. C. §§ 321(b), 502(d)). The Government believes further that two earlier efforts to serve BMY Corp.—upon its registered agent listed on a website maintained by the Secretary of State of the State of Delaware on January 23, 2015, and upon its registered office designated in the files of the Delaware Secretary of State, also on January 23, 2015—should be deemed proper service pursuant to Rule 4(h) and 8 Del. C. §§ 321(a), 502(d). A certificate of service—attaching three process server's affidavits respectively reflecting service on the Delaware Secretary of State, BMY Corp.'s registered office, and BMY Corp.'s registered agent—has been filed in the Court's docket for this case and is attached hereto as Exhibit 3.

6. BMY Corp. has not appeared, answered or made any motion with respect to the complaint, and the time for defendant to appear, answer or make any motion with respect to the complaint has expired. Defendant is therefore now in default.

7. BMY Corp. is not an infant, in the military, or an incompetent person.

WHEREFORE, I respectfully request that the Clerk enter the Certificate of Default attached as Exhibit 1 to the Request for Entry of Default.

Dated:  New York, New York
         April 2, 2015

/s/*Robert William Yalen*
ROBERT WILLIAM YALEN
Assistant United States Attorney