UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,
                                                          :
                    Plaintiff,
                                                          :     14-CV-9669 (LAK)
          - against -
                                                          :     ECF Case
DEUTSCHE BANK, A.G.; DB U.S.
FINANCIAL MARKETS HOLDING CORP.;         :
DEUTSCHE BANK SECURITIES, INC.;
BMY ACQUISITION CORP.; BMY               :
ACQUISITION LLC, BMY STATUTORY
TRUST, and FIRST UNION NATIONAL          :
BANK, N/K/A WELLS FARGO BANK N.A.,
AS TRUSTEE OF BMY STATUTORY              :
TRUST,
                                                          :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER TO COMPLAINT

Defendants Deutsche Bank AG ("DB AG"), DB U.S. Financial Markets Holding Corp. ("DBUSH"), and Deutsche Bank Securities, Inc. ("DBSI," collectively with DB AG and/or DBUSH, "Deutsche Bank" or "Defendants"), hereby answer the Complaint as follows:

### INTRODUCTION

1.      Deutsche Bank denies the allegations in Paragraph 1.

2.      Deutsche Bank denies the allegations in Paragraph 2.

3.      Deutsche Bank responds that the allegations in Paragraph 3 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 3, Deutsche Bank denies the allegations.

## JURISDICTION AND VENUE

4. Deutsche Bank responds that the allegations in Paragraph 4 are conclusions of law, as to which no response is required.

5. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Deutsche Bank responds that the allegations in Paragraph 6 are conclusions of law, as to which no response is required.

## PARTIES

7. Deutsche Bank admits the allegation in Paragraph 7.

8. Deutsche Bank admits the allegations in Paragraph 8.

9. Deutsche Bank admits the allegations in Paragraph 9.

10. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

## FACTUAL ALLEGATIONS

A. The Nature of the Tax Scheme

12. Deutsche Bank responds that the allegations in Paragraph 12 are conclusions of law, as to which no response is required.

13. Deutsche Bank responds that the allegations in Paragraph 13 are conclusions of law, as to which no response is required.  To the extent facts are alleged in Paragraph 13, Deutsche Bank denies the allegations.

14.     Deutsche Bank responds that the allegations in Paragraph 14 are conclusions of law, as to which no response is required.  To the extent facts are alleged in Paragraph 14, Deutsche Bank denies the allegations.

15.     Deutsche Bank denies the allegations in Paragraph 15.

16.     Deutsche Bank denies the allegations in Paragraph 16.

B. Deutsche Bank Acquires Stock with Large Built-In Tax Liabilities

17.     Deutsche Bank denies the allegations in Paragraph 17.

18.     Deutsche Bank denies the allegations in Paragraph 18 and respectfully refers the Court to the email referenced in Paragraph 18 for the contents thereof.

19.     Deutsche Bank denies the allegations in Paragraph 19, except admits that Charter owned shares of Bristol-Myers Squibb Company stock, along with other assets, and denies knowledge or information sufficient to form a belief as to the cost-basis for which Charter had acquired its BMY shares.

20.     Deutsche Bank denies the allegations in Paragraph 20.

21.     Deutsche Bank denies the allegations in Paragraph 21, except admits that an offer to buy all of Charter's corporate common stock from its then-owner was made and DBUSH ultimately acquired Charter's corporate stock.

22.     Deutsche Bank denies the allegations in Paragraph 22, except admits that representatives of certain Deutsche Bank entities negotiated the terms of the Charter sale with representatives of the Charter shareholders.

23.     Deutsche Bank admits the allegations in Paragraph 23 and respectfully refers the Court to the Charter Stock Purchase Agreement for the contents thereof.

24.     Deutsche Bank denies the allegations in Paragraph 24 and respectfully refers the Court to the agreements referenced in Paragraph 24 for the contents thereof.

25.     Deutsche Bank denies the allegations in Paragraph 25.

C. <u>Deutsche Bank Turns to a Tax Scheme</u>

26.     Deutsche Bank denies the allegations in Paragraph 26.

27.     Deutsche Bank denies the allegations in Paragraph 27, except admits that (i) after acquiring the Charter stock, Deutsche Bank conducted certain other transactions internal to Deutsche Bank, including a non-taxable exchange of property pursuant to Internal Revenue Code Section 351 between Charter (then owned by Deutsche Bank) and a Deutsche Bank entity named BT Lease Mortgage Corp. ("BT Lease"), causing BT Lease to own the BMY shares and Charter to own 100% of the preferred voting stock of BT Lease; (ii) thereafter, DB AG and another Deutsche Bank affiliate that was the holder of BT Lease's common stock, BT Corporation, entered into an option agreement relating to the BMY shares (the "BMY collar agreement"); and (iii) the result of these transactions was that BT Lease was the owner of the BMY shares, subject to the BMY collar agreement.

28.     Deutsche Bank denies the allegations in Paragraph 28.

29.     Deutsche Bank denies the allegations in Paragraph 29, except admits that the market price of the BMY stock was fluctuating over time, and denies knowledge or information sufficient to form a belief as to the basis of the BMY shares.

30.     Deutsche Bank denies the allegations in Paragraph 30.

31.     Deutsche Bank denies the allegations in Paragraph 31.

32.     Deutsche Bank denies the allegations in Paragraph 32.

33.     Deutsche Bank denies the allegations in Paragraph 33.

34. Deutsche Bank denies the allegations in Paragraph 34.

35. Deutsche Bank denies the allegations in Paragraph 35.

### 1) Tax Shelter Step 1: Restore BMY Shares to Charter and DBUSH

36. Deutsche Bank denies the allegations in Paragraph 36, except admits that Charter transferred the BMY shares it held to BT Lease in a tax-free transfer pursuant to Internal Revenue Code Section 351.

37. Deutsche Bank denies the allegations in Paragraph 37, except admits that (i) on April 12, 2000, BT Corporation, the holder of BT Lease's common stock, bought and contributed 7,800 BMY shares to BT Lease, using money borrowed from DB AG; (ii) BT Corporation contributed these 7,800 BMY shares to BT Lease, and BT Lease then entered into an option contract with DB AG's London Branch ("BMY option contract"); (iii) on April 28, 2000, BT Lease changed its name to Charter Lease Mortgage Corporation ("Charter Lease"); (iv) on May 17, 2000, BT Corporation assigned its rights under the BMY collar agreement and BMY option contract to Charter Lease; and (v) that BT Corporation also sold all of the shares of Charter Lease to Charter for $1,000.

38. Deutsche Bank denies the allegations in Paragraph 38, except admits that DBUSH became the 100% indirect owner of the BMY shares, subject to the BMY collar agreement and BMY option contract.

### 2) Tax Scheme Step 2: Create the Shell Companies and Fund the Transaction

39. Deutsche Bank denies the allegations in Paragraph 39.

40. Deutsche Bank denies the allegations in Paragraph 40.

41. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and respectfully refers the Court to the promissory note referenced in Paragraph 48 for the contents thereof.

### 3) Tax Scheme Step 3: Transfer the Charter Stock from DBUSH to BMY Trust for Less than Fair Consideration

49.     Deutsche Bank admits the first sentence in Paragraph 49 and denies the allegations in the second sentence of Paragraph 49.

50.     Deutsche Bank denies the allegations in Paragraph 50 and respectfully refers the Court to the BMY Stock Purchase Agreement for the contents thereof.

51.     Deutsche Bank denies the allegations in Paragraph 51 and respectfully refers the Court to the BMY Stock Purchase Agreement for the contents thereof.

52. Deutsche Bank admits the allegations in Paragraph 52.

53. Deutsche Bank denies the allegations in Paragraph 53 and respectfully refers the Court to the BMY Stock Purchase Agreement for the contents thereof.

54. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and respectfully refers the Court to the Rabobank loan for the contents thereof.

55. Deutsche Bank denies the allegations in Paragraph 55.

56. Deutsche Bank denies the allegations in Paragraph 56.

57. Deutsche Bank denies the allegations in Paragraph 57.

> 4) <u>Tax Scheme Step 4: Cause BMY Trust (and BMY Corp., as Taxpayer) to Incur the Built-In Tax Liabilities While Transferring the BMY Shares to DBSI, as Agent for DB AG, Without Fair Consideration</u>

58. Deutsche Bank denies the allegations in Paragraph 58.

59. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Deutsche Bank admits the allegations in the first sentence of Paragraph 61 and denies the allegations in the second sentence of Paragraph 61.

62. Deutsche Bank denies the allegations in Paragraph 62.

63. Deutsche Bank denies the allegations in Paragraph 63.

64. Deutsche Bank denies the allegations in Paragraph 64.

65. Deutsche Bank denies the allegations in Paragraph 65.

66. Deutsche Bank denies the allegations in Paragraph 66.

67. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Deutsche Bank denies the allegations in Paragraph 68.

69. Deutsche Bank denies the allegations in Paragraph 69.

    5) <u>Result of the Tax Scheme: BMY Is Left with Tax Bill It Cannot Pay While Deutsche Bank Benefits</u>

70. Deutsche Bank denies the allegations in Paragraph 70.

71. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

D. <u>Taxes Due By BMY Corp.</u>

74. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Deutsche Bank responds that the allegations in Paragraph 75 are conclusions of law, as to which no response is required.

76. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and respectfully refers the Court to the Form 1120 referenced in Paragraph 76 for the contents thereof.

77.     Deutsche Bank denies the last sentence of Paragraph 77, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and respectfully refers the Court to the Form 1120 for the contents thereof.

78.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and respectfully refers the Court to the notice of deficiency referenced in Paragraph 78 for the contents thereof.

79.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, except that Deutsche Bank states that the allegations in the last sentence of Paragraph 79 are conclusions of law as to which no response is required.

80.     Deutsche Bank denies the allegations in Paragraph 80, except admits that the IRS issued a notice of deficiency to Charter on November 20, 2003, for the tax year ended on March 13, 2000, that the dispute was resolved by an assessment of $3,153,97 in taxes, plus interest, and that Taunus Corp. paid this tax on behalf of Charter.

81.     Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

## CLAIMS FOR RELIEF

### COUNT I: COLLECT UNPAID FEDERAL TAX LIABILITY
(against BMY Corp.)

82.     Deutsche Bank repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

83. Deutsche Bank responds that the allegations in Paragraph 83 are directed only against BMY Corp., and, thus, no response is required.

84. Deutsche Bank responds that the allegations in Paragraph 84 are directed only against BMY Corp., and, thus, no response is required.

85. Deutsche Bank responds that the allegations in Paragraph 85 are directed only against BMY Corp., and, thus, no response is required.

86. Deutsche Bank responds that the allegations in Paragraph 86 are directed only against BMY Corp., and, thus, no response is required.

COUNT II: ACTUAL FRAUDULENT CONVEYANCE
(against all defendants)

87. Deutsche Bank repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

88. Deutsche Bank denies the allegations in Paragraph 88.

89. Deutsche Bank denies the allegations in Paragraph 89.

90. Deutsche Bank denies the allegations in Paragraph 90.

91. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Deutsche Bank denies the allegations in Paragraph 92.

93. Deutsche Bank denies the allegations in Paragraph 93.

94. Deutsche Bank denies the allegations in Paragraph 94.

95. Deutsche Bank denies the allegations in Paragraph 95.

96. Deutsche Bank responds that the allegations in Paragraph 96 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 96, Deutsche Bank denies the allegations.

97. Deutsche Bank responds that the allegations in Paragraph 97 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 97, Deutsche Bank denies the allegations.

98. Deutsche Bank denies the allegations in Paragraph 98.

99. Deutsche Bank denies the allegations in Paragraph 99.

100. Deutsche Bank responds that the allegations in Paragraph 100 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 100, Deutsche Bank denies the allegations.

101. Deutsche Bank responds that the allegations in Paragraph 101 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 101, Deutsche Bank denies the allegations.

## COUNT III: CONSTRUCTIVE FRAUDULENT CONVEYANCE
(against all defendants)

102. Deutsche Bank repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

103. Deutsche Bank denies the allegations in Paragraph 103.

104. Deutsche Bank denies the allegations in Paragraph 104.

105. Deutsche Bank denies the allegations in Paragraph 105.

106. Deutsche Bank denies the allegations in Paragraph 106.

107. Deutsche Bank denies the allegations in Paragraph 107.

108. Deutsche Bank denies the allegations in Paragraph 108.

109. Deutsche Bank denies the allegations in Paragraph 109.

110. Deutsche Bank denies the allegations in Paragraph 110.

111. Deutsche Bank denies the allegations in Paragraph 111.

112. Deutsche Bank denies the allegations in Paragraph 112.

113. Deutsche Bank denies the allegations in Paragraph 113.

114. Deutsche Bank denies the allegations in Paragraph 114.

115. Deutsche Bank responds that the allegations in Paragraph 115 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 115, Deutsche Bank denies the allegations.

116. Deutsche Bank responds that the allegations in Paragraph 116 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 116, Deutsche Bank denies the allegations.

117. Deutsche Bank responds that the allegations in Paragraph 117 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 117, Deutsche Bank denies the allegations.

COUNT IV: UNJUST ENRICHMENT
(against DB AG, DBUSH, and DBSI)

118. Deutsche Bank repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

119. Deutsche Bank denies the allegations in Paragraph 119.

120. Deutsche Bank denies the allegations in Paragraph 120.

121. Deutsche Bank denies the allegations in Paragraph 121.

122. Deutsche Bank responds that the allegations in Paragraph 122 are conclusions of law, as to which no response is required. To the extent facts are alleged in Paragraph 122, Deutsche Bank denies the allegations.

### GENERAL DENIAL

Deutsche Bank denies each and every allegation, statement and matter not expressly admitted or qualified herein. Any allegations made in the headings contained in the Complaint are denied. The prayer for relief is denied in its entirety.

### AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, Defendants assert the following affirmative and other defenses with respect to the causes of action Plaintiff purports to assert in the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred under the applicable statutes of limitations.

### THIRD DEFENSE

Defendants gave fair consideration for the conveyances alleged in the Complaint without knowledge of fraud at the time of the conveyances.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

## FIFTH DEFENSE

Plaintiff's damages, if any, were the result of actions and/or conditions unrelated to Deutsche Bank's conduct.

## SIXTH DEFENSE

Plaintiff's' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part, or are subject to reduction, based upon Plaintiff's failure to mitigate its damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent it has received payment for the alleged tax liability and to the extent that Deutsche Bank's obligation with respect to any such tax amounts has been previously discharged.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of satisfaction and discharge and any other equitable doctrines.

## TENTH DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (1) amend or supplement their Answer, defenses, affirmative defenses and all other pleadings, and (2) assert any and all

additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate.

Dated: New York, New York
October 22, 2015

        /s/ Scott D. Musoff
Scott D. Musoff (scott.musoff@skadden.com)
Patrick G. Rideout (patrick.rideout@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Phone: (212) 735-3000

Raj Madan (raj.madan@skadden.com)
Brendan O'Dell (brendan.odell@skadden.com)
Kiara L. Rankin (kiara.rankin@skadden.com)
1440 New York Ave, N.W.
Washington, DC 20005
Phone: (202) 371-7000

*Attorneys for Deutsche Bank AG,*
*DB U.S. Financial Markets Holding Corp.,*
*and Deutsche Bank Securities Inc.*